# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50706
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHAWA CLAY PHIPPS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:02-CR-132

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Joshawa Clay Phipps, federal prisoner # 26346-180, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. By moving to proceed IFP, Phipps is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The Supreme Court has prescribed a two-step inquiry for a district court's consideration of a § 3582(c)(2) motion.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).  The district court must first determine whether a prisoner is eligible for a reduction as set forth in U.S.S.G. § 1B1.10(a).  *Id.*  If he is eligible, then the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case.  *Id.* at 827.  We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

The district court implicitly found Phipps eligible for a sentence reduction but indicated that his original sentence was within the amended guidelines range and that a sentence reduction was not warranted.  The district court's order indicated that the court considered the policy statement under § 1B1.10 and the sentencing factors under § 3553(a), to the extent they were applicable.

The district court was under no obligation to grant Phipps a sentence reduction despite his eligibility for one.  *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).  While the district court was permitted to consider the post-sentencing rehabilitative conduct cited in Phipps's § 3582(c)(2) motion, the district court was not required to do so.  *See* § 1B1.10, comment. (n.1(B)(iii)); *Evans*, 587 F.3d at 673 & n.10.  The district court also was not required to provide reasons based on the § 3553(a) factors so long as it

considered the factors. *See United States v. Cooley*, 590 F.3d 293, 297-98 (5th Cir. 2009).

Phipps contends that the district court should have resentenced him to the low end of his amended guidelines range because the district court previously sentenced him to the low end of his original guidelines range. Phipps's argument does not show that the denial of his § 3582(c)(2) motion was an abuse of the district court's discretion, as the district court's order denying the § 3582(c)(2) motion reflects that the court considered Phipps's motion as a whole and the appropriate factors in denying a sentence reduction. *See Henderson*, 636 F.3d at 717; *Evans*, 587 F.3d 667, 673 (5th Cir. 2009); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Phipps has not shown that he will raise a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220. Accordingly, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.